Caroline Djang, Esq., Bar No. 216383
Caroline.djang@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Ave., Suite 1000
Irvine, CA 92612
Telephone: (949) 263-6586
Facsimile: (949) 260-0972

Lucian B. Murley, Esq., admitted *pro hac vice*
Luke.murley@saul.com
SAUL EWING ARNSTEIN & LEHR LLP
1201 N Market St #2300
Wilmington, DE 19801
Telephone: (302) 421-6898

Melissa A. Martinez, Esq.
melissa.martinez@saul.com
SAUL EWING ARNSTEIN & LEHR LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-8572

*Attorneys for Equinix, Inc.*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| In re: | Case No. 21-50275 MEH |
| BLADE GLOBAL CORPORATION, | Chapter 11 |
| Debtor | Ad. Pro. No. 21-05058 |
| BLADE GLOBAL CORPORATION, | |
| Plaintiff, | **DEFENDANT EQUINIX, INC.'S (A) ANSWER TO FIRST AMENDED COMPLAINT, AND (B) COUNTERCLAIMS** |
| v. | |
| EQUINIX, INC.,[1] | |
| Defendant. | |

---

[1] Equinix LLC was dismissed as a defendant in this adversary proceeding pursuant to Docket No. 25.

## PARTIES

1.      Plaintiff and Debtor Blade Global Corporation ("Blade Global" or "Plaintiff") is, and was at all times mentioned in this complaint, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of California. Blade Global is a subsidiary of Blade SAS, which is a French company. Blade Global is a technology company that at all times relevant to this complaint offered a cloud-based platform for internet gaming through computer servers (hereinafter "Blade Servers"). These Blade Servers were located in specially-constructed rooms that provided the power and heat control required to operate them. **ANSWER**: Defendant lacks knowledge sufficient to admit or deny the allegations of Paragraph 1 and therefore denies them.

2.      Defendant Equinix, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of California.

**ANSWER**: Defendant admits the allegations of Paragraph 2.

3.      Defendant Equinix, Inc. is a publicly traded corporation, also incorporated, organized and existing under the laws of the State of Delaware with its principal place of business in the State of California.

**ANSWER**: Defendant admits the allegations of Paragraph 3.

4.      Equinix, LLC and Equinix, Inc. (together "Equinix") marketed itself as having expertise in providing storage space and power for Plaintiff's Blade Servers.

**ANSWER**: Defendant lacks knowledge sufficient to admit or deny the allegations of Paragraph 4 and therefore denies them.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334.

**ANSWER**: Defendant admits the allegations of Paragraph 5.

6.      Venue is proper before this Court pursuant to 28 U.S.C. §1409(a) by virtue of the above-referenced Chapter 11 case pending before the United States Bankruptcy Court for the Northern District of California, San Jose Division (the "Bankruptcy Case").

**ANSWER**: Paragraph 6 is a legal conclusion and does not require a response by Defendant. To the extent an answer is deemed required, Defendant denies the allegations of this paragraph.

7. Blade Global filed for relief under Chapter 11 of the Bankruptcy Code on March 1, 2021.

**ANSWER**: Defendant admits the allegations of Paragraph 7.

8. This Complaint is filed pursuant to Fed. R. Bank. Proc. 7001(1), (7), and (9).

**ANSWER**: The Complaint is a document and speaks for itself. To the extent an answer is deemed required; Defendant denies the allegations of this paragraph.

9. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), (C), (F), and (O). The first and second claims for relief are brought under provisions of the United States Bankruptcy Code and the Bankruptcy Court has jurisdiction to enter final orders and judgments as to those claims. Blade Global consents to entry by this Court of a final orders and judgments in the remaining claims for relief.

**ANSWER**: Paragraph 9 is a legal conclusion and does not require a response by Defendant. To the extent an answer is deemed required, Defendant denies the allegations of this paragraph.

10. Equinix, Inc. has submitted itself to the jurisdiction of this Court by filing a proof of claim in the case, Claim No. 10, in the amount of $995,093.21.

**ANSWER**: Defendant admits the allegations of Paragraph 10.

## INTRODUCTION

11. Blade SAS and Equinix SAS, a company operating under the logo "Equinix," entered into a "Master Country Agreement – France" in June 2017 allowing Blade SAS to place its Blade Servers in Equinix's server suites in France. The agreement provided that Equinix would receive a specified monthly recurring fee for the licensed suite plus a charge for the power utilized by the servers equal to a minimum charge or actual power used, whichever was greater.

**ANSWER**: The "Master Country Agreement" is a document and speaks for itself, and any characterization is denied. To the extent an answer is deemed required, Defendant denies the allegations of this paragraph.

/ / /

12. Also in June 2017, Blade Global and Equinix, LLC (also operating under the logo "Equinix") entered into a Master Country Agreement – US ("MCA-US") to provide licensed suites to house Blade Servers in Equinix's facilities in the United States. The MCA-US incorporated Equinix's General Terms and Conditions ("GTCs").

**ANSWER**: Defendant admits the MCA-US incorporates the GTCs. Otherwise, the MCA-US is a legal document and speaks for itself, and any characterization is denied. To the extent an answer is deemed required, Defendant denies the allegations of this paragraph.

13. At all times Blade Global interacted with Equinix LLC and Equinix, Inc. as a single entity. Although the contracts stated they were with Equinix LLC, the invoices were sent by Equinix, Inc, and Blade Global was instructed to make its payment for Equinix services to Equinix Inc.

**ANSWER**: Defendant denies that Equinix LLC and Equinix, Inc. are a single entity or that Equinix LLC and Equinix, Inc. took any actions suggesting that they are a single entity. Defendant admits that Blade Global was obligated to pay the amounts owed under the invoices to Equinix, Inc. Defendant denies the remaining allegations of Paragraph 13, if any.

14. Equinix required the execution of separate orders for each suite it licensed to Blade Global pursuant to the MCA-US, depending on the geographical location and kW power output of the involved Blade Servers. Certain documents show on the signature block that it was executed by Equinix, LLC "on behalf of itself and its U.S. Affiliates."

**ANSWER**: The MCA-US is a document that speaks for itself; any characterization of the documents is denied. Defendant admits the remaining allegations of Paragraph 14.

15. Plaintiff is informed and believes, and thereon alleges, that Equinix was aware of the operational needs of the Blade Servers in its French and later Santa Clara facilities, which continue to operate without significant problems.

**ANSWER**: Defendant lacks knowledge sufficient to admit or deny the allegations of Paragraph 15 and therefore denies them.

16. In December 2017, Blade Global and Equinix began discussions to install Blade Servers in Equinix's New York area facility. On May 17, 2018, after providing Equinix

representatives with the details of the Blade Servers it intended to install, and based on Equinix's representations of expertise and prior knowledge of Blade Servers housed in other Equinix facilities, Plaintiff and Equinix entered into two separate license agreements to place servers in Equinix's New York facility. These agreements required Equinix to provide two separate suites to house servers generating 300 kW and 600 kW, respectively. Plaintiff agreed to pay specified monthly recurring charges and power usage charges for each of the suites.

**ANSWER**: Defendant admits that Blade Global installed servers at Equinix's New York facility. The agreements referenced in Paragraph 16 are documents that speak for themselves, and any characterization is denied. Defendant lacks knowledge sufficient to admit or deny the remaining allegations of Paragraph 16 and therefore denies them.

17. Following execution of the 300 kW Agreement, Blade Global installed the same Blade Servers in the New York facility suite that it had placed and continues to operate in Equinix's French and Santa Clara facilities.

**ANSWER**: Defendant admits that Blade Global installed servers at Equinix's New York facility. Defendant lacks knowledge sufficient to admit or deny the remaining allegations of Paragraph 17 and therefore denies them.

18. Blade Global did not immediately need the 600 kW suite but entered into the 600 kW Agreement so that the space would be available. The 600 kW Agreement had an initial term of 54 months and required payment of a monthly recurring charge of $57,000 for the license to use the suite plus a monthly Minimum Power Commitment of $31,000 or Monthly Customer Power Usage, which ever was greater, starting on the Effective Date of March 30, 2019. At no time prior to execution of the 600 kW Agreement did Equinix inform Blade Global that it was not possible to operate the Blade Servers at 600 kW in Suite 1130 (Suite 1130 has also been described as "Room 2" during the bankruptcy proceeding).

**ANSWER**: Defendant admits that Blade Global secured "the 600 kW" suite referred to in Paragraph 18 with the intention of not immediately utilizing the space. Defendant admits the allegation, "The 600 kW Agreement had an initial term of 54 months and required payment of a monthly recurring charge of $57,000 for the license to use the suite plus a monthly Minimum

40038072.5.docx 05/17/2022

Power Commitment of $31,000 or Monthly Customer Power Usage, which ever was greater, starting on the Effective Date of March 30, 2019." Defendant lacks knowledge sufficient to admit or deny the allegations of Paragraph 18 and therefore denies them.

19.     Pursuant to the Equinix GTCs, Equinix agreed to, inter alia, "use reasonable commercial endeavors to deliver the Licensed Space and Services" at the date and to the agreed-upon specifications in each Order; and to perform all repairs, replacements, and maintenance because of, inter alia, "failure of the Licensed Space to comply with a Delivery Condition" at its "sole cost and expense without cost or charge to or contribution by Customer."

**ANSWER**: The GTC is a legal document and speaks for itself. To the extent an answer is required, Defendant denies the allegations of this paragraph.

20.     In June 2020, Blade Global notified Equinix that it was ready to place its servers in the 600 kW suite. On June 4, 2020, Equinix emailed Blade Global that Equinix would not approve installation and operation of the Blade Servers in Suite 1130 because the servers would require more CFM of cooling than its New York facility could provide. At no time prior to June 2020 did Equinix inform Blade Global that it was unable to perform the 600 kW Agreement.

**ANSWER**: Defendant denies as stated the allegations in Paragraph 20. By way of further response, Defendant admits that Blade Global first installed its servers in the 300 kVA Suite in September 2018. After identifying certain operational problems with Blade Global's use of the space, Equinix proposed a two-part solution: (i) physically altering the three business suites to improve hot and cold air-containment, at an estimated cost of $300,000 ($100,000 per business suite), and (ii) a voluntary reduction of the fan speed from 4-5x the manufacturer's recommendation to 2-3X manufacturer's recommendations. Blade Global refused to reduce the fan speed and refused to incur the expense to modify the physical space. Upon information and belief, when Blade Global wanted to install its servers in the two other suites (with a combined draw cap of 600 kVA), Equinix could not approve the request because the same issue in the 300 kVA suite would have occurred—excessive fan speeds resulting in physical property damage and heating/cooling containment issues.

/ / /

21.     Although Equinix did not inform Blade Global that it would not provide the Licensed Space in Suite 1130 until June 2020, on information and belief, Blade Global alleges that Equinix representatives had concluded far in advance of June 2020 that it would not allow this use in Suite 1130, but nevertheless continued to invoice Blade Global. Blade Global continued to make payments on the 600 kW Agreement for the Licensed Space in Suite 1130.

**ANSWER**: Defendant admits that Defendant continued to invoice Blade Global and, for a time, Blade Global continued to pay invoices. Defendant denies the remaining allegations in paragraph 21.

22.     Blade Global is informed and believes that Equinix was never able to perform the parties' agreement to provide a suite for servers generating 600 kW, but nevertheless collected over $1 Million from Blade Global, continued to invoice Blade Global for amounts allegedly due under the 600 kW Agreement, and has refused to provide Plaintiff a credit for these payments or to negotiate a resolution in good faith as required by the MCA-US.

**ANSWER**: Defendant denies that it was ever unable to perform the agreement. Defendant admits that it continued to invoice Blade Global. Defendant denies the remaining allegations in Paragraph 22.

23.     Blade Global instituted a Billing Dispute regarding the 600 kW Agreement pursuant to the GTCs in July 2020; however, Equinix representatives refused and continue to refuse to negotiate a good faith resolution of the dispute. Equinix continued to bill Blade Global for charges related to Suite 1130.

**ANSWER**: Defendant admits that it continued to bill Blade Global for charges. Defendant denies as stated the remaining allegations contained in paragraph 23.

24.     Blade Global retained counsel Steve Scott of the firm of Hayes, Scott, Bonino, Ellingson, Guslani, Simonson & Clause, LLP to represent it in an effort to resolve the conflict with Equinix.

**ANSWER**: Defendant lacks knowledge sufficient to admit or deny the allegations of Paragraph 24 and therefore denies them.

///

25. Attached here to as Exhibit A is a true and correct copy of a letter sent by Mr. Scott on behalf of Blade Global to counsel for Equinix referencing the attorneys' prior discussion, and describing that Blade Global was paying Equinix $404,619.40 by wire transfer for the outstanding invoices from Equinix that Blade Global did not dispute. (the "December Payment") Attached to the letter is a confirmation of the described wire transfer listing the invoices being paid.[2]

**ANSWER**: The letter in Exhibit A speaks for itself; any characterizations thereof are denied. Defendant denies the remaining allegations, if any, in Paragraph 25.

26. Blade Global has no reason to believe that the wired payment was not received by Equinix as stated in the wire confirmation.

**ANSWER**: Defendant admits to having received $404,619.40, but denies that the payment is avoidable.

27. After the December Payment was made, Equinix provided additional service to Blade Global not related to Suite 1130 for which Equinix was not paid. Blade Global is informed and believes, and thereon alleges, that the total value of these additional services was less than the total amount of the December Payment.

**ANSWER:** Defendant admits that services were provided to Blade Global after receiving the $404,619.40 payment for which it was not paid, as summarized below:

| Invoice Number | SNV Amount | SNV Date | Notes |
|---|---|---|---|
| 100210267902 | $ 61,943.91 | December-20 | 2/3 of Undisputed Charges at SV2 and NY6 |
| 100210278067 | $ 97,390.62 | January-21 | Undisputed Charges at SV2 and NY6 |
| 100210285612 | $ 30,921.68 | January-21 | Metered Power at SV2 |
| 100210284788 | $ 121,000.02 | February-21 | Undisputed Charges at SV2 and NY6 |
| 100210286960 | $ 27,342.92 | February-21 | Metered Power at SV2 |
| Total: | $ 338,599.15 | | |

28. Blade Global filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 1, 2021.

**ANSWER**: Defendant admits the allegations in Paragraph 28.

---

[2] The original complaint incorrectly stated that the December Payment was made by check, not by wire. The confirmation statement reflects that the wire was initiated on December 10th and confirmed on December 11th, 2020.

29. On May 6, 2021, the Bankruptcy Court entered an order approving the stipulation between Blade Global and Equinix for Blade Global's rejection of the 600kW Agreement regarding Suite 1130. (Docket # 128). The stipulation provided that Equinix had the right to take possession of NY Data Room 2 on May 4, 2021, and that Blade Global will not be liable to Equinix for any charges relating to NY Data Room 2 after May 3, 2021.

**ANSWER**: The stipulation and order are legal documents that speak for themselves. Defendant lacks knowledge sufficient to admit or deny the remaining allegations of Paragraph 29 and therefore denies them.

30. This original complaint filed in this action provided notice that Blade Global is rescinding the 600 kW Agreement.

**ANSWER**: Paragraph 30 is a legal conclusion and does not require a response by Defendant. To the extent an answer is deemed required, Defendant denies the allegations of this paragraph.

31. Plaintiff brings this action to rescind the 600 kW Agreement or, in the alternative, for breach of contract to recover the payments made to reserve the space that Equinix was never able to provide, for attorney's fees and other relief that the court deems appropriate.

**ANSWER**: Paragraph 31 is a legal conclusion and does not require a response by Defendant. To the extent an answer is required, Defendant denies the allegations of this paragraph.

## FIRST CLAIM FOR RELIEF

### Avoidance and Recovery of Preferential Transfers − all Defendants

### 11 U.S.C. §§ 547, 550

32. Plaintiff incorporates by reference the foregoing allegations, as though fully set forth herein.

**ANSWER**: In response to the allegations of Paragraph 32, Defendant incorporates its responses to paragraphs 1 through 31 as though fully restated.

33. As stated above, at all times Equinix, Inc. and Equinix, LLC were presented to Blade Global as acting as a single entity: "Equinix." Equinix represented to Blade Global, and Blade Global understood, that the invoices issued by "Equinix, Inc." related to the services provided by Equinix in connection with the contracts between Blade Global and Equinix LLC, and

that all payments made on invoices from Equinix, Inc. were for the benefit of satisfying Blade Global's contractual obligations for Equinix's services.

**ANSWER**: Defendant denies that Equinix, Inc. and Equinix, LLC were presented as a single entity. Defendant admits the remaining allegations of Paragraph 33.

34. With the December Payment, Blade Global transferred its money to Equinix, Inc. for the benefit of Equinix, Inc. and Equinix LLC, collectively, for payment of antecedent debt owed by Blade Global to Equinix before the December Payment was made.

**ANSWER**: Defendant admits that December Payment was to or for the benefit of Equinix, Inc., on account of antecedent debt owed to Equinix, Inc. Defendant denies the remaining allegations of Paragraph 34.

35. This payment was made as a result of ongoing discussions between the parties, thus the amounts and invoice numbers are well known to Equinix. The December Payment was made to pay the non-disputed portions of the following invoices:

| Invoice | Paid |
| --- | --- |
| 100210262190 | $100,319.95 |
| 100210258245 | $101,802.25 |
| 100210249700 | $ 76,239.53 |
| 100210254211 | $ 28,089.30 |
| 100210247012 | $ 98,168.47 |

**ANSWER**: Defendant admits the allegations of Paragraph 35.

36. All of the invoices were past-due when the December Payment was made. Blade Global made the December Payment in connection with the ongoing conflict with Equinix and not in the ordinary course of business.

**ANSWER**: Defendant denies the allegations in Paragraph 36.

37. Blade Global made the December Payment within the 90 days before filing its bankruptcy petition and at a time when Blade Global was insolvent.

/ / /

**ANSWER**: Defendant admits that the December Payment was made during the 90 days prior to Blade Global's bankruptcy petition. Defendant denies the remaining allegations in Paragraph 37.

38. The December Payment enabled Equinix to receive more than it would have received if the Bankruptcy Case were a case under Chapter 7 of this title, the December Payment had not been made, and Equinix had received payment of such debt to the extent provided by the provisions of this title.

**ANSWER**: Defendant denies the allegations in Paragraph 38.

39. Blade Global is informed and believes that, to the extent Equinix establishes that it provided Blade Global with new value after the December Payment was paid to Equinix, and for which Equinix was not paid the amount of said new value was less than the total amount of December Payment.[3]

**ANSWER**: Paragraph 39 is a legal conclusion and does not require a response by Defendant. To the extent an answer is required, Defendant denies the allegations of this paragraph.

40. By reason of the foregoing, and pursuant to Bankruptcy Code Sections 547 and 550, Blade Global seeks to avoid the December Payment in an amount to be proved at trial, and to recover the avoided sum from Equinix.

**ANSWER**: Paragraph 40 is a legal conclusion and does not require a response by Defendant. To the extent an answer is required, Defendant denies the allegations of this paragraph.

## SECOND CLAIM FOR RELIEF

### Objection to Claim – 11 U.S.C. §§ 502(b), 502(d) – Equinix, Inc.

41. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

**ANSWER**: In response to the allegations of Paragraph 41, Defendant incorporates its responses to paragraphs 1 through 40 as though fully restated.

/ / /

/ / /

---

[3] In a motion to dismiss the original complaint, Equinix, Inc. attempted to argue a defense of "new value" to the preference claim. There is a significant dispute regarding the amount of new value that Equinix provided after the December Payment.

1   42.    Equinix, Inc. filed a proof of claim in the case, Claim No. 10, in the amount of

2   $995,093.21. A true and correct copy of the claim, without exhibits, is attached as Exhibit B (the

3   "Proof of Clam").

4   **ANSWER**: Defendant admits the allegations of Paragraph 42.

5   43.    Plaintiff is informed and believes and thereon alleges that a substantial portion of

6   the amounts asserted in the Proof of Claim is for charges for the 600kW suite, including charges

7   for a Monthly Power Commitment for the 600kW suite. Equinix failed to perform its obligation

8   under the 600kW Agreement and is not entitled to recovery any claim against Blade Global arising

9   from its terms.

10  **ANSWER**: Defendant denies the allegations of Paragraph 43.

11  44.    As set forth in paragraphs 33 through 40 above, the estate is entitled to recover from

12  Equinix the amount of the December Payment as a preference pursuant to 11 U.S.C. §547 and

13  pursuant to 11 U.S.C. §502(d) as Equinix has not paid that amount, therefore its claim is disallowed

14  in its entirety.

15  **ANSWER**: Paragraph 44 is a legal conclusion and does not require a response by Defendant.  To

16  the extent an answer is required, Defendant denies the allegations of this paragraph.

17  <u>**THIRD CLAIM FOR RELIEF**</u>

18  **Rescission ─ Unilateral Mistake of Fact ─ All Defendants**

19  45.    Blade Global hereby incorporates the foregoing allegations as though they were

20  fully set forth herein.

21  **ANSWER**: In response to the allegations of Paragraph 45, Defendant incorporates its responses

22  to paragraphs 1 through 44 as though fully restated.

23  46.    The MCA – US is a valid contract.

24  **ANSWER**: Paragraph 46 is a legal conclusion and does not require a response by Defendant.  To

25  the extent an answer is required, Defendant denies the allegations of this paragraph.

26  47.    Pursuant to the terms and conditions of the MCA – US, Equinix owed a contractual

27  duty to Blade Global.

28  */ / /*

40038072.5.docx 05/17/2022

**ANSWER**: Paragraph 47 is a legal conclusion and does not require a response by Defendant. To the extent an answer is required, Defendant denies the allegations of this paragraph.

48. The 600 kW Agreement was a separate agreement under the MCA – US. Blade Global has paid in excess of $1 Million to use Suite 1130 to house and operate its Blade Servers.

**ANSWER**: Paragraph 48 contains a legal conclusion that does not require a response by Defendant. Defendant lacks knowledge sufficient to admit or deny the remaining allegations of Paragraph 48 and therefore denies them.

49. Blade Global has performed all obligations required of it under the 600 kW Agreement, including payment for Suite 1130.

**ANSWER**: Defendant denies the allegations in Paragraph 49.

50. Prior to June 2020, Equinix never informed Blade Global that Equinix was unable to perform the 600 kW Agreement.

**ANSWER**: Defendant denies that it was unable to perform any agreement with Blade Global. Defendant lacks knowledge sufficient to admit or deny the remaining allegations of Paragraph 50 and therefore denies them.

51. Prior to the execution of the 600 kW Agreement for Suite 1130, Blade Global and Equinix had discussed and approved of the configuration for Suite 1130 and both parties believed Suite 1130 could accommodate the servers as configured.

**ANSWER**: Defendant lacks knowledge sufficient to admit or deny the allegations of Paragraph 51 regarding Blade Global's belief and therefore denies them.

52. Equinix's unilateral mistake of fact – that Suite 1130 actually could not accommodate Blade Servers that produce 600 kW – has a material effect upon their agreed exchange of performances. Equinix is unable to perform its obligations under the 600 kW Agreement.

**ANSWER**: Paragraph 52 is a legal conclusion and does not require a response by Defendant. To the extent an answer is required, Defendant denies the allegations of this paragraph.

53. Despite learning two years after the 600 kW Agreement was executed that it could not operate the Blade Servers at 600 kW in Suite 1130, Equinix refuses to approve installation of

an alternate configuration of the Blade Servers and refuses to return the over $1 Million paid to reserve Suite 1130.

**ANSWER**: Defendant denies that it refused to approve any viable alternate proposed configuration from Blade Global. Defendant admits that it has not returned the amounts paid by Blade Global. Defendant denies as stated the remaining allegations in Paragraph 53.

54. Blade Global does not and should not bear the risk of Equinix's mistake where the effect of the mistake is such that enforcement of the 600 kW Agreement would be unconscionable. Although Equinix has not provided any consideration for the 600 kW Agreement, Blade Global agrees to return any consideration Equinix can establish in order to rescind the 600 kW Agreement.

**ANSWER**: Paragraph 54 contains a legal conclusion and does not require a response by Defendant. As to any remaining allegations, Defendant lacks knowledge sufficient to admit or deny the allegations and therefore denies them.

## FOURTH CLAIM FOR RELIEF

### Rescission − Negligent Misrepresentation −All Defendants

55. Blade Global hereby incorporates the foregoing allegations as though they were fully set forth herein.

**ANSWER**: In response to the allegations of Paragraph 55, Defendant incorporates its responses to paragraphs 1 through 54 as though fully restated.

56. At the time the parties executed the 600 kW Agreement, Equinix was a world leader with knowledge and expertise in providing licensed space for companies like Blade Global to operate their digital servers. Equinix knew, or should have known, that its New York facility could not accommodate the Blade Servers generating 600 kW of power, but nevertheless Equinix approved the configuration to install the Blade Servers in Suite 1130 and invoiced Blade Global over $1 Million to reserve that space.

**ANSWER**: Defendant admits that at the time of the execution of the 600kW Agreement, it was in the business of providing licensed space for companies to operate digital servers. Defendant admits that it invoiced Blade Global for use of the space contemplated by the 600kW Agreement. Defendant denies as stated the remaining allegations in Paragraph 56.

57. Equinix's negligent misrepresentation – that Suite 1130 would accommodate Blade Servers and produce 600 kW – has a material effect upon their agreed exchange of performances. Equinix is unable to perform its obligations under the 600 kW Agreement.

**ANSWER**: Paragraph 57 contains a legal conclusion and does not require a response by Defendant. Defendant denies that it is unable to perform its obligations. Any remaining allegations in Paragraph 57 are denied.

58. Despite learning two years after the 600 kW Agreement was executed that it could not operate the Blade Servers at 600 kW in Suite 1130, Equinix refuses to approve installation of an alternate configuration of the Blade Servers and refuses to return the over $1 Million paid to reserve Suite 1130.

**ANSWER**: Defendant denies that it refused to approve an alternate configuration from Blade Global. Defendant admits that it has not returned the amounts paid by Blade Global. Defendant denies as stated the remaining allegations in Paragraph 58.

## FIFTH CLAIM FOR RELIEF

### Rescission − Failure of Consideration −All Defendants

59. Blade Global hereby incorporates the foregoing allegations as though they were fully set forth herein.

**ANSWER**: In response to the allegations of Paragraph 59, Defendant incorporates its responses to paragraphs 1 through 58 as though fully restated.

60. Placement and operation of Blade Servers in Suite 1130 was a material condition of the 600 kW Agreement and Blade Global has performed all obligations required of it under the 600 kW Agreement.

**ANSWER**: The allegation of "material conditions" in paragraph 60 is a legal conclusion and does not require a response by Defendant. To the extent an answer is required, Defendant denies the allegations of this paragraph. Defendant denies that Blade Global has performed all obligations required under the relevant agreement. Defendant denies the remaining allegations, if any, in Paragraph 60.

*/ / /*

61.     Equinix failed to deliver the performance required of them under the 600 kW Agreement by failing to provide the agreed-upon Suite 1130 for operation of Blade Servers.

**ANSWER**: Defendant denies the allegations of Paragraph 61.

62.     Blade Global gave Equinix an opportunity to rectify this failure so that Blade Global could still use Suite 1130. Equinix failed to deliver on the original or alternative configuration for Suite 1130. As a result, Blade Global has not received any benefit of its bargain with Equinix.

**ANSWER**: Defendant denies the allegations of Paragraph 62.

63.     Despite Equinix's failure to deliver, Equinix refused to permit Blade Global to rescind the order for Suite 1130 and return the consideration Blade Global paid for the unusable Suite 1130.

**ANSWER**: Defendant admits that it has not returned the amounts paid by Blade Global in connection with Suite 1130.  Defendant denies as stated the remaining allegations in Paragraph 63.

<u>**SIXTH CLAIM FOR RELIEF**</u>

**Breach of Contract − All Defendants**

64.     Blade Global hereby incorporates the foregoing allegations as though they were fully set forth herein.

**ANSWER**: In response to the allegations of Paragraph 64, Defendant incorporates its responses to paragraphs 1 through 63 as though fully restated.

65.     The 600 kW Agreement is a valid contract.

**ANSWER**: Paragraph 65 is a legal conclusion and does not require a response by Defendant.  To the extent an answer is required, Defendant denies the allegations of this paragraph.

66.     Pursuant to the terms and conditions of the 600 kW Agreement, Equinix and Does 1-50 owed a contractual duty to Blade Global.

**ANSWER**: Defendant believes the phrase "Does 1-50" is a grammatical error, but nevertheless, denies it.  Paragraph 66 is a legal conclusion and does not require a response by Defendant.  To the extent an answer is required, Defendant denies the allegations of this paragraph.

/ / /

67.     Blade Global performed all obligations required of it under the 600 kW Agreement including payment of more than $1 Million for Suite 1130.

**ANSWER**: Paragraph 67 is a legal conclusion and does not require a response by Defendant.  To the extent an answer is required, Defendant denies the allegations of this paragraph.  Defendant lacks knowledge sufficient to admit or deny the remaining allegations of Paragraph 67 and therefore denies them.

68.     Equinix breached the 600 kW Agreement by failing to provide the agreed-upon Suite 1130.

**ANSWER**: Defendant denies the allegations of Paragraph 68.

69.     Blade Global gave Equinix an opportunity to rectify this failure so that Blade Global could still use Suite 1130.

**ANSWER**: Defendant admits that it provided alternate solutions to rectify operational issues in Suite 1130.  Defendant lacks knowledge sufficient to admit or deny any remaining allegations of Paragraph 69 and therefore denies them.

70.     Equinix failed to deliver on the original or alternative configuration for Suite 1130.

**ANSWER**: Defendant denies the allegations of Paragraph 70.

71.     Despite this failure, Equinix refused to permit Blade Global to rescind the order for Suite 1130 and return the consideration Blade Global paid for the unusable Suite.

**ANSWER**: Defendant admits that it has not returned the amounts paid by Blade Global in connection with Suite 1130.  Defendant denies as stated the remaining allegations in Paragraph 71.

72.     As a result of Equinix's failure to deliver and refusal to permit partial rescission or return Blade Global's consideration, Blade Global has incurred damages including the lost consideration paid and the inability to use what it has paid for.

**ANSWER**: Defendant denies the allegations of Paragraph 72.

## **PRAYER**

WHEREFORE, Blade Global prays for judgment against Equinix as follows:

/ / /

/ / /

<u>On the First Claim for Relief:</u>

Judgment for the recovery of the preferential payment in the amount of $404,619.40, less an amount proved by Equinix for new value provided after the December Payment.

<u>On the Second Claim for Relief:</u>

Judgment disallowing the Equinix Inc. claim number 10 in full.

<u>On the Third, Fourth, and Fifth Claim for Relief:</u>

Judgment rescinding the 600 kW Agreement and awarding compensatory damages to Blade Global according to proof, but at a minimum in the amount Blade Global paid Equinix under the 600 kW Agreement.

<u>On the Sixth Claim for Relief:</u>

In the alternative to the claims for rescission, a judgment for damages incurred for Equinix's breach of the 600 kW Agreement and MCA – US in accordance with proof.

<u>On all Claims for Relief</u>

1.    For interest in a sum according to proof;

2.    For of costs of suit;

3.    For attorneys' fees and costs; and

4.    For such other further and other relief as the court deems just and proper.

**ANSWER:** This section contains requests for relief for which no response is required. Defendant denies that Blade Global is entitled to any part of the judgment requested or relief sought.

<u>**Affirmative Defenses and Defenses**</u>

1.    Without assuming any burden of proof, persuasion or production not otherwise legally assigned to it as to any element of Blade Global's claims, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of its investigation, discovery, preparation for trial, or otherwise it becomes appropriate to assert such defenses, Defendant asserts the following affirmative and other defenses with respect to the claims in the First Amended Complaint:

/ / /

2.      Blade Global cannot satisfy one or more elements of its claims under 11 U.S.C. §§ 502, 547 and 550.

3.      Blade Global cannot satisfy one or more elements of its breach of contract claim.

4.      Blade Global cannot satisfy one or more elements of its rescission claims.

5.      The claims stated in the First Amended Complaint are barred by the doctrines of set-off and recoupment. Blade Global's contractual and quasi-contractual claims in this adversary proceeding against Equinix, Inc. derive from pre-petition payments made for services rendered at Equinix data centers, NY6 and SV2. Equinix's proof of claim reflects claims against Blade Global for pre-petition, unpaid amounts in connection with services rendered at the Equinix data centers, NY6 and SV2. Equinix also intends to file a rejection damages claim for the rejected data center orders, which is treated as a pre-petition breach. Both parties' obligations derive from the MCA-US, and the underlying data room orders and GTCs.

6.      Blade Global's claims are barred in whole or in part because the Debtor was not insolvent and/or did not become insolvent as a result of making the payments that are the subject of the First Amended Complaint.

7.      Any payments made by the Debtor to Defendant during the ninety (90) days prior to the petition date were intended by the Debtor and Defendant to be contemporaneous exchanges for new value given to the Debtor, and in fact were substantially contemporaneous exchanges, and are not subject to avoidance pursuant to 11 U.S.C. § 547(c)(1).

8.      Any payments made by the Debtor to Defendant during the ninety (90) days prior to the petition date were in payment of debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant, made in the ordinary course of business or financial officers of the Debtor and Defendant, and made according to ordinary business terms pursuant to 11 U.S.C. § 547(c)(2).

9.      After receiving the December Payment of $404,619.40, Defendant gave new value to or for the benefit of the Debtor that was not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make otherwise avoidable transfers to or for the benefit of Defendant pursuant to 11 U.S.C. § 547(c)(4), as summarized below:

| Invoice Number | SNV Amount | SNV Date | Notes |
|---|---|---|---|
| 100210267902 | $ 61,943.91 | December-20 | 2/3 of Undisputed Charges at SV2 and NY6 |
| 100210278067 | $ 97,390.62 | January-21 | Undisputed Charges at SV2 and NY6 |
| 100210285612 | $ 30,921.68 | January-21 | Metered Power at SV2 |
| 100210284788 | $ 121,000.02 | February-21 | Undisputed Charges at SV2 and NY6 |
| 100210286960 | $ 27,342.92 | February-21 | Metered Power at SV2 |
| Total: | $ 338,599.15 | | |

10.     Plaintiff may not assert a breach of contract claim because it failed to comply with the billing dispute procedure set forth in the underlying agreement. The GTCs require any party disputing an invoice to submit a written notice regarding the dispute along with reasonable supporting documentation. A billing dispute must be initiated no later than 30 days after the stated due date of the disputed amount if Blade Global withholds payment as a result of the dispute. Upon information and belief, the Debtor has not complied with this procedure in withholding payment to Equinix, Inc.

11.     Defendant denies any and all allegations in the First Amended Complaint not expressly admitted herein and denies the relief requested by Plaintiff in the First Amended Complaint. Defendant expressly reserves and preserves its rights to supplement, amend, or modify this answer and all responses herein, including asserting such other affirmative defenses and counterclaims as may become available and apparent in the course of discovery.

## COUNTERCLAIMS

## Counts I – Declaratory Judgment – Setoff

12.     Defendant brings this claim for relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and section 553 of the Bankruptcy Code.

13.     Prior to the petition date, Equinix, Inc. and the Debtor entered into orders giving the Debtor a license relating to two Equinix data centers: (i) "NY6," located at 105 Enterprise Avenue South, Secaucus, NJ and (ii) "SV2," located at 1350 Duane Ave., Santa Clara, CA.

14.     As of the petition date, the Debtor owed Equinix, Inc. $995,093.21 relating to its use of and access to the SV2 and NY6 data centers, as further set forth in Equinix, Inc.'s Proof of Claim No. 10.

/ / /

40038072.5.docx 05/17/2022

15. On May 3, 2022, the Debtor rejected its rights at SV2, effective April 27, 2022. [D.I. 344]. On May 6, 2022, the Debtor rejected its rights at NY6, effective May 4, 2022. [D.I. 348]. Equinix, Inc. intends to assert rejection damages for the remaining term of each order corresponding to SV2 and NY6, respectively, pursuant to section 365(g) of the Bankruptcy Code.

16. On December 13, 2021, Blade Global filed an adversary complaint, which, among other counts, asserted a breach of contract claim for damages of over $1,000,000.

17. Blade Global's claim against Equinix, Inc. and Equinix, Inc.'s claim against Blade Global are pre-petition, mutual debts.

18. There is an actual controversy between the Plaintiff and Defendant as to Defendant's entitlement to setoff mutual pre-petition debt obligations.

19. Pursuant to 28 U.S.C. § 2201, this Court may determine the rights and relations of any party in interest seeking a declaration as to those rights, whether or not relief is or could be sought.

20. Defendant seeks a declaration that Defendant is entitled to setoff mutual pre-petition debt obligations between Defendant and Plaintiff.

### **Count II – Declaratory Judgment – Recoupment**

21. Defendant brings this claim for relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

22. Prior to the petition date, Blade Global and Equinix, Inc. were parties to the MCA-US, under which Equinix, Inc. would provide access and use of its data centers and certain colocation services.

23. Under the MCA-US, Equinix, Inc. and the Debtor entered into orders giving the Debtor a license relating to two Equinix data centers: (i) "NY6," located at 105 Enterprise Avenue South, Secaucus, NJ and (ii) "SV2," located at 1350 Duane Ave., Santa Clara, CA.

24. Blade Global's claims in this adversary proceeding against Equinix, Inc. and Equinix, Inc.'s claims in this adversary proceeding against Blade Global arise from the same underlying agreement—the MCA-US.

/ / /

Case: 21-05058   Doc# 26   Filed: 05/17/22   Entered: 05/17/22 15:26:41   Page 21 of 23
40038072.5.docx 05/17/2022                                    ANSWER TO FIRST AMENDED COMPLAINT – PAGE 21

25. In the First Amended Complaint, Blade Global asserts contract and quasi contract claims against Equinix, Inc.: Claim 3 (Rescission - Mistake of Fact), Claim 4 (Rescission - Negligent Misrepresentation), Claim 5 (Rescission - Failure of Consideration), and Claim 6 (Breach of Contract). These counts arise from an order under the MCA-US.

26. As of the petition date, Blade Global owed Equinix, Inc. $995,093.21 relating to its use of and access to the SV2 and NY6 data centers, as further set forth in Equinix, Inc.'s Proof of Claim No. 10. These counts also arise from orders under the MCA-US.

27. On May 3, 2022, the Debtor rejected its rights at SV2, effective April 27, 2022. [D.I. 344]. On May 6, 2022, the Debtor rejected its rights at NY6, effective May 4, 2022. [D.I. 348]. Both orders are deemed to have been breached as of the petition date, and accordingly, Equinix, Inc. intends to assert rejection damages for the remaining term of each order corresponding to SV2 and NY6, respectively, pursuant to section 365(g) of the Bankruptcy Code.

28. There is an actual controversy between the Plaintiff and Defendant as to Defendant's entitlement to recoupment with respect to the debt and credit between Equinix, Inc. and Blade Global under the MCA-US.

29. Pursuant to 28 U.S.C. § 2201, this Court may determine the rights and relations of any party in interest seeking a declaration as to those rights, whether or not relief is or could be sought.

30. Defendant seeks a declaration that Defendant is entitled to recoup the debt and credit between Equinix, Inc. and Blade Global under the MCA-US.

### Count III – Declaratory Judgment – Attorney's Fees

31. Defendant brings this claim for relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

Prior to the petition date, Blade Global and Equinix, Inc. were parties to the MCA-US under which Equinix would provide access and use of its data centers and certain colocation services.

///

///

32. Under the Master Agreement, "If any legal action is brought by either Party arising from, or related to, the subject matter of this Agreement, the prevailing Party will be entitled to an award of its reasonable attorneys' fees and costs."

33. There is an actual controversy between the Plaintiff and Defendant as to whether Defendant is entitled to attorneys' fees.

34. Pursuant to 28 U.S.C. § 2201, this Court may determine the rights and relations of any party in interest seeking a declaration as to those rights, whether or not relief is or could be sought.

35. Defendant seeks a declaration that Defendant is entitled to reasonable attorney's fees and costs from Blade Global should it be the prevailing party in this litigation.

## RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing the First Amended Complaint and awarding declaratory relief as to setoff, recoupment, and attorneys' fees, as well as such other relief as is just and proper.

Dated: May 17, 2022                    **BEST BEST & KRIEGER LLP**

                                       */s/ Caroline Djang*
                                       Caroline Djang

                                       -and-

                                       **SAUL EWING ARNSTEIN & LEHR LLP**
                                       Lucian B. Murley, admitted *pro hac vice*
                                       Melissa Martinez

                                       *Attorneys for Defendant*